**RESNICK NIRENBERG & SIEGLER**
*A Partnership of Professional Corporations*
100 Eagle Rock Avenue, Suite 301
East Hanover, New Jersey 07936
(973) 781-1204
JNirenberg@njemploymentlawfirm.com
Jonathan I. Nirenberg (JIN 2954)



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**07 CIV. 8762**

| | |
|---|---|
| MARK SCHWARTZ,<br><br>**Plaintiff,**<br><br>v.<br><br>STANDARD CHARTERED BANK.<br><br>**Defendant**. | CIVIL ACTION NO.   **JUDGE CASTEL**<br><br>**COMPLAINT AND<br>JURY DEMAND** |

Plaintiff Mark Schwartz, by way of Complaint against Defendant Standard Chartered Bank, says:

## PARTIES

1. Plaintiff Mark Schwartz ("Mr. Schwartz"), an individual, resides at 91 Springfield Avenue, Townhouse E, Summit, New Jersey 07901.

2. Defendant Standard Chartered Bank ("Defendant"), a corporation, has its principal place of business in the United States at One Madison Avenue, New York, NY 10010.

## JURISDICTION/VENUE

3. The jurisdiction of the Court over this controversy is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (the "ADEA").

4. The jurisdiction of the Court over this controversy is also invoked based on diversity of citizenship pursuant to 28 U.S.C. §1332. The amount in controversy exceeds $75,000.

5. The supplemental jurisdiction of this Court over state and city law claims is invoked pursuant to 28 U.S.C. § 1367(a).

6. The unlawful employment practices described herein were committed in the Southern District of New York. Accordingly, venue lies in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1391(b).

7. On or about April 19, 2007, Mr. Schwartz filed a charge of age discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") for age discrimination in violation of the ADEA.

8. The EEOC failed to effect voluntary compliance with the ADEA on the part of Defendant through conciliation, conference, and persuasion.

9. On or about September 20, 2007, the EEOC issued a Notice of Right to Sue. Accordingly, Mr. Schwartz has complied fully with the administrative requisites of the ADEA.

## COUNT ONE
### (Age Discrimination in Violation of the Age Discrimination in Employment Act)

10. Defendant hired Mr. Schwartz in August 2004, as Senior Vice President, Global Markets, Head of Financial Institution Sales, Americas.

11. On November 10, 2006, Defendant terminated Mr. Schwartz's employment.

12. As of November 10, 2006, Mr. Schwartz was 50 years old.

13. Mr. Schwartz's age was a determinative factor in Defendant's decision to terminate his employment.

14. As a result of the foregoing actions, Mr. Schwartz has experienced, and will continue to experience, injuries including but not limited to a loss of salary, benefits and bonuses, loss of future career opportunities and advancement, as well as severe emotional distress.

15. Defendants' actions constitute age discrimination in violation of the ADEA.

16. Defendant's violation of the ADEA was "willful," as that term is defined under the ADEA, 29 U.S.C.A. § 626(b), such that liquidated damages are appropriate.

## COUNT TWO
### (Age Discrimination in Violation of the New York Human Rights Act)

17. Mr. Schwartz repeats and realleges each allegation set forth above, as if set forth at length herein.

18. Defendants' actions constitute age discrimination in violation of the New York Human Rights Law, Executive Law, Art. 15 § 290, *et seq*.

19. Defendant's upper management participated in the relevant unlawful conduct.

20. Defendant's actions were egregious, willful and wanton and in reckless disregard of Mr. Schwartz's rights, such that punitive damages are appropriate.

## COUNT THREE
### (Age Discrimination in Violation of the New York City Human Rights Law)

21. Mr. Schwartz repeats and realleges each allegation set forth above, as if set forth at length herein.

22. Defendants' actions constitute age discrimination in violation of the New York City Human Rights Law, New York City Administrative Code § 8-101, *et seq.*

23. Defendant's upper management participated in the relevant unlawful conduct.

24. Defendant's actions were egregious, willful and wanton and in reckless disregard of Mr. Schwartz's rights, such that punitive damages are appropriate.

## COUNT FOUR
### (Breach of Contract - Failure to Pay Commissions)

25. Mr. Schwartz repeats and realleges each allegation set forth above, as if set forth at length herein.

26. Mr. Schwartz worked for Defendant pursuant to an unwritten agreement which entitled him to substantial commissions on the sales he generated.

27. Based on his sales as of November 10, 2007, Mr. Schwartz's had earned more than $750,000 in commissions for 2007.

28. Defendant's decision to terminate Mr. Schwartz's employment was motivated, at least in part, by Defendant's desire not to pay him the commissions he earned in 2007.

29. By terminating Mr. Schwartz to avoid paying him the commissions he earned in 2007, Defendant breached its employment agreement with Mr. Schwartz and/or the covenant of good faith and fair dealing in his employment agreement.

30. Defendant's actions constitute a breach of contract.

## COUNT FOUR
### (Violation of New York Law Regarding Payment of Commissions)

31. Mr. Schwartz repeats and realleges each allegation set forth above, as if set forth at length herein.

32. Defendant failed to pay Mr. Schwartz the commissions he earned within five business days after Defendant terminated his employment.

33. Defendant's failure to pay Mr. Schwartz the commissions he earned within five business days after Defendant terminated violates New York Labor Law, Ch. 31, Art. 6, § 191, and entitles him to double damages.

**WHEREFORE**, Mr. Schwartz seeks Judgment against the Defendant as follows:

- An order directing Mr. Schwartz's reinstatement to his former position;

- Compensatory damages, including past and future lost wages, salary, commissions, pension, and all other employment benefits;

- Liquidated damages equal to compensatory damages, including past and future lost wages, salary, commissions, pension, and other employment benefits, pursuant to the ADEA;

- Double damages pursuant to New York Labor Law, Ch. 31, Art. 6, § 191-c.

- Damages for emotional and physical injury and distress;

- Punitive damages;

- Pre-and post-judgment interest;

- Reasonable costs, including attorney's fees, expert witness fees and other costs incurred in connection with this litigation; and

- Such other and further relief as this Court deems equitable and just under the circumstances.

## JURY DEMAND

Plaintiff Mark Schwartz hereby demands a trial by jury as to all causes so triable.

                                                **Resnick Nirenberg & Siegler**
                                                *A Partnership of Professional Corporations*

Dated: October 3, 2007                    By: _____
                                                        GERALD JAY RESNICK