Miriam H. Wugmeister
David S. Brown
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050

Attorneys for Defendant Standard Chartered Bank

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK SCHWARTZ,<br><br>                                    Plaintiff,<br><br>- against -<br><br>STANDARD CHARTERED BANK,<br><br>                                    Defendant. | 07 Civ. 8762 (PKC)<br><br>**ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Standard Chartered Bank ("Standard Chartered") by its undersigned attorneys Morrison & Foerster LLP, for its Answer to the correspondingly-numbered paragraphs of the Complaint in this action (the "Complaint") of Plaintiff Mark Schwartz ("Schwartz" or "Plaintiff"), dated October 3, 2007, responds as follows:

### PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Denies the allegations in paragraph 2 of the Complaint, except admits that Standard Chartered is a Bank that maintains its New York Branch at One Madison Avenue, New York, New York 10010.

## JURISDICTION/VENUE

3. Admits that the Complaint purports to assert claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and admits that this Court has jurisdiction over the Complaint as pled.

4. Admits that the Complaint purports to assert claims pursuant to 28 U.S.C. § 1332 and admits that this Court has jurisdiction over the Complaint as pled.

5. Admits that the Complaint purports to assert claims pursuant to 28 U.S.C. § 1367(a) and that this Court has supplemental jurisdiction over the Complaint as pleaded.

6. Denies the allegations in paragraph 6 of the Complaint and denies that venue for this action lies in the United States District Court for the District of New Jersey.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, but admits that Plaintiff filed a charge of age discrimination against Standard Chartered with the Equal Employment Opportunity Commission ("EEOC") for age discrimination in violation of the ADEA.

8. Denies the allegations in paragraph 8 of the Complaint, but admits that the parties were unable resolve their differences through EEOC mediation process.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, but admits that the EEOC issued to Plaintiff a Notice of Right to Sue on or about September 20, 2007.

## COUNT ONE

10. Admits that Plaintiff began his employment with Standard Chartered in September 2004 as a Senior Vice President, Head of Financial Institution Sales, Americas.

11. Admits that on November 10, 2006, Standard Chartered terminated Plaintiff's employment.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, but admits that Plaintiff purports to have been 50 years old as of November 10, 2006.

13. Denies the allegations in paragraph 13 of the Complaint.

14. Denies the allegations in paragraph 14 of the Complaint.

15. Denies the allegations in paragraph 15 of the Complaint.

16. Denies the allegations in paragraph 16 of the Complaint.

## COUNT TWO

17. Repeats and realleges its responses to all preceding paragraphs as if fully set forth herein.

18. Denies the allegations in paragraph 18 of the Complaint.

19. Denies the allegations in paragraph 19 of the Complaint.

20. Denies the allegations in paragraph 20 of the Complaint.

## COUNT THREE

21. Repeats and realleges its responses to all preceding paragraphs as if fully set forth herein.

22. Denies the allegations in paragraph 22 of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

24. Denies the allegations in paragraph 24 of the Complaint.

## COUNT FOUR

25. Repeats and realleges its responses to all preceding paragraphs as if fully set forth herein.

26. Denies the allegations in paragraph 26 of the Complaint.

27. Denies the allegations in paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint.

29. Denies the allegations in paragraph 29 of the Complaint.

30. Denies the allegations in paragraph 30 of the Complaint.

## COUNT FIVE

31. Repeats and realleges its responses to all preceding paragraphs as if fully set forth herein.

32. Denies the allegations in paragraph 32 of the Complaint.

33. Denies the allegations in paragraph 33 of the Complaint.

## AFFIRMATIVE DEFENSES

34. As and for its affirmative defenses, Standard Chartered alleges as follows, without assuming any burden of pleading or proof that would otherwise rest with Plaintiff.

## FIRST AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

35. Each and every cause of action in the Complaint fails to state a claim against Standard Chartered upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## (CAUSATION)

36.   To the extent Plaintiff has suffered the damages alleged in the Complaint, such damages were not caused by Standard Chartered, but by the acts or omissions of Plaintiff himself or others.

## THIRD AFFIRMATIVE DEFENSE
## (LACHES, WAIVER, ESTOPPEL AND UNCLEAN HANDS)

37.   Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, estoppel and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

38.   Standard Chartered is informed and believes, and on that ground alleges, that Plaintiff has had and continues to have the ability and opportunity to mitigate the damages alleged in the Complaint and has failed to act reasonably to mitigate such damages.

## FIFTH AFFIRMATIVE DEFENSE
## (NO IMPLIED CONTRACT)

39.   Plaintiff's Complaint is barred because plaintiff may not rely on terms of an implied contract that contradict the terms of a written policy.

## SIXTH AFFIRMATIVE DEFENSE
## (APPROPRIATE COMPANY CONDUCT)

40.   Plaintiff's claims are barred on the grounds that Standard Chartered acted at all times in accordance with company policies and procedures.

### SEVENTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

41. To the extent Plaintiff's claims are based on conduct occurring outside the applicable periods of limitation, those claims are barred by the applicable statute of limitation.

### EIGHTH AFFIRMATIVE DEFENSE
### (PLAINTIFF'S MISCONDUCT)

42. Plaintiff's claims are barred because all events of which Plaintiff complains are based on and caused by Plaintiff's own misconduct.

### NINTH AFFIRMATIVE DEFENSE
### (GOOD CAUSE FOR TERMINATION)

43. As a separate and independent affirmative defense, Standard Chartered alleges that it had sufficient and nondiscriminatory cause to terminate Plaintiff's employment.

### TENTH AFFIRMATIVE DEFENSE
### (OTHER AFFIRMATIVE DEFENSES)

44. Standard Chartered reserves the right to plead additional affirmative defenses as discovery progresses.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant Standard Chartered demands judgment as follows:

1. That judgment be entered in favor of Standard Chartered and against Plaintiff;

2. That the Complaint be dismissed with prejudice;

3. That Standard Chartered be awarded its costs of suit herein incurred;

4. That Standard Chartered be awarded its expenses, including reasonable attorneys' fees; and

5. For such other and further relief as the Court may deem just and proper.

Dated: New York, NY
       January 25, 2008

                              Respectfully submitted,

                              Miriam H. Wugmeister (mwugmeister@mofo.com)
                              David S. Brown (dbrown@mofo.com)
                              MORRISON & FOERSTER LLP
                              1290 Avenue of the Americas
                              New York, NY 10104-0050
                              (212) 468-8000
                              (212) 468-7900 (fax)

                              *Attorneys for Defendant*
                              *Standard Chartered Bank*

ny-793723