(A)5865.

```
┌─────────────────────────┐
│ USDS SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #: _____  │
│ DATE FILED: 3/3/08      │
└─────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARK SCHWARTZ,

               Plaintiff,

  - against -

STANDARD CHARTERED BANK,

               Defendant.

---

07 Civ. 8762 (PKC)

STIPULATED PROTECTIVE ORDER

      IT IS HEREBY STIPULATED AND AGREED by and between the parties, through their undersigned counsel, that in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and insure that confidentiality is afforded only to material so entitled, the following terms and conditions shall govern discovery in the above referenced action:

      1.    Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

      2.    Either party may designate as "Confidential" any document, testimony or other discovery material that contains a trade secret or other confidential or proprietary or sensitive information. "Confidential Material," as used herein, shall refer to any document, testimony or other discovery materials designated "Confidential," and all copies thereof, and also shall refer to the information contained in such materials. No designation shall be made unless the designating counsel of record believes in good faith that the designated material in fact constitutes or contains a trade secret or other confidential or proprietary information.

1

Documents, pleadings, filings, discovery requests and responses, expert reports or other litigation papers containing "Confidential Material" shall bear the designation "Confidential" or "Confidential Under Protective Order," or the equivalent, on each page.

3. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

4. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    (a) the parties to this action;

    (b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    (c) as to any document, its author, its addressees, and any other person indicated on the face of the document as having received a copy;

    (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) stenographers engaged to transcribe depositions conducted in this action; and

(g) the Court and its support personnel.

5. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 4(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

6. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing.

7. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

8. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

3

9. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

10. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: New York, New York
February 29, 2008

SO STIPULATED:

_____
Miriam H. Wugmeister
(mwugmeister@mofo.com)
David S. Brown (dbrown@mofo.com)
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104-0050
(212) 468-8000
(212) 468-7900 (fax)

Counsel for Defendant Standard Chartered Bank

See Addendum

_____
Gerald J. Resnick
Resnick Nirenberg & Siegler
100 Eagle Rock Avenue, Suite 301
East Hanover, New Jersey 07936

*Counsel for Plaintiff Mark Schwartz*

SO ORDERED.

_____
Hon. P. Kevin Castel, U.S.D.J.

3-3-08

4

ADDENDUM TO
STIPULATED PROTECTIVE ORDER
Schwartz v. Standard Chartered Bank
07 Civ. 8762 (PKC)

Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit and memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I") and Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006). Without any further application to the Court, the following may be redacted from any letter, memorandum, exhibit, deposition testimony or other document to be filed with the Clerk: social security numbers, taxpayer-identification numbers, financial account numbers, and names of minor children (replaced by initials); where a redaction has been made, the fact of the redaction shall be noted on the page where it has occurred.

SO ORDERED.

_____
United States District Judge

Dated: New York, New York
       March 3, 2008

[EXHIBIT]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARK SCHWARTZ,

                Plaintiff,

- against -

STANDARD CHARTERED BANK,

                Defendant.

---

07 Civ. 8762 (PKC)

NON-DISCLOSURE AGREEMENT

    I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____

ny-800649